```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| NOEL BROWN,<br><br>                    Petitioner,<br><br>      -against-<br><br>STATE OF NEW YORK,<br><br>                    Respondent. | 19-CV-9628 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner Noel Brown, currently incarcerated in SCI Somerset in Somerset, Pennsylvania, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his April 22, 2019 conviction in the New York Supreme Court, New York County. Petitioner paid the $5.00 filing fee to bring this action. The Court denies the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not

exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

On April 22, 2019, Petitioner was convicted, after trial, of two counts of criminal possession of a weapon in the second degree, a class C felony. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch. He was sentenced to a seven-year period of incarceration, followed by five years' post-release supervision. Petitioner details the steps he has taken to exhaust his administrative remedies. It appears that he has filed numerous post-conviction motions, but he has not given the state judicial system the first opportunity to review the errors he raises in his petition.

On August 13, 2019, the Appellate Division of the Supreme Court of the State of New York issued a decision, enlarging Petitioner's time to appeal by granting him 180 days from the receipt of the complete record to perfect his appeal. *See People v. Brown*, 2019 N.Y. Slip Op. 77282 (App. Div. 2019). It is therefore clear that Petitioner has not completed the direct appeal of his conviction.

## DISCUSSION

Before a petitioner can seek federal *habeas* relief, § 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A *habeas* petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State…if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if the State provides a procedure, a *habeas* petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner

before this Court may review a petition for a writ of *habeas corpus* brought under § 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

To exhaust his claims for purpose of *habeas corpus* review, a petitioner must wait for the Appellate Division to decide the outcome of his appeal. If the petitioner is adversely affected by the court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Because Petitioner has not fully exhausted his state court remedies, the petition is denied as prematurely filed. After Petitioner has fully exhausted his state court remedies to the Court of Appeals, he may file his *habeas corpus* petition in this Court.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to the Petitioner, and note service on the docket. The Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: November 12, 2019
       New York, New York

                                            COLLEEN McMAHON
                                       Chief United States District Judge