```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

NOEL BROWN,

                Petitioner,

        -against-

STATE OF NEW YORK,

                Respondent.

19-CV-9628 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his April 22, 2019 conviction in the New York Supreme Court, New York County. By order dated November 12, 2019, the Court denied the petition without prejudice because Petitioner has not fully exhausted his state court remedies. On November 25, 2019, Petitioner filed a "Request for Reconsideration," challenging the November 12, 2019 dismissal order.

The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Petitioner's submission, the Court denies the motion.

# DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Petitioner asserts in his request for reconsideration that he has "done everything within his power to exhaust his state court remedies." (ECF No. 5 at ¶ 2.) He asserts further that he has been "denied [his] rights to appeal even though a timely notice was made in the trial court." (*Id.*) The August 13, 2019 decision of the Appellate Division of the Supreme Court of the State of New York belies Petitioner's assertions. That decision, as this Court has previously noted, enlarged Petitioner's time by granting him 180 days from the receipt of the complete record to perfect his appeal. *See People v. Brown*, 2019 N.Y. Slip Op. 77282 (App. Div. 2019). That time has not yet expired.

Contrary to Petitioner's assertions, it is clear that he has not been denied the right to appeal and he has not completed the direct appeal of his conviction.

Petitioner has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Petitioner's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Petitioner's arguments, and even under a liberal interpretation of his motion, Petitioner has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Petitioner has failed to allege any facts demonstrating that

extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Petitioner's motion for reconsideration (ECF No. 5) is denied.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

Petitioner's case in this Court under docket No. 19-CV-9628 (CM) is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If Petitioner files other documents that are frivolous or meritless, the Court will direct Petitioner to show cause why he should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 4, 2019
       New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge